COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN FOX, | § | No. 08-08-00309-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. Six |
| JOE WARDY, MAYOR, SUSAN | § | |
| AUSTIN, JOSE A. LOZANO, JOHN F. | | of El Paso County, Texas |
| COOK, DANIEL S. POWER, PAUL J. | § | |
| ESCOBAR, VIVIAN ROJAS, and | § | (TC# 2003-4511) |
| ANTHONY W. COBOS, | § | |
| Appellees. | | |

## O P I N I O N

John Fox appeals the trial court's dismissal of his case for lack of jurisdiction. We affirm.

## BACKGROUND

Representing himself *pro se*, Fox instituted a tort action against Appellees, who are present or former members of the El Paso City Council, for negligence and gross negligence arising from a condemnation proceeding concerning an apartment building that he owned. According to the petition, Fox maintained that during the condemnation hearing, he raised several issues that were denied or ignored, and that the City Council continued the condemnation proceedings despite his complaints. Appellees generally denied the allegations and pled governmental immunity as the alleged acts or omissions occurred during the course and scope of a governmental function and in the performance of a governmental duty.

Appellees then filed their first amended answer and plea to the jurisdiction. According to Appellees, Fox's suit against them while they acted in their official capacity was, in effect, a suit against the City of El Paso, which they represented, and that therefore, the City was entitled to

sovereign immunity and Fox failed to plead any waiver of sovereign immunity. As alternative grounds, Appellees also contended that the court lacked subject-matter jurisdiction since Fox failed to comply with the requirements of Chapter 214 of the Local Government Code, that is, he failed to file a petition for writ of certiorari in seeking judicial review of the condemnation action.

On August 7, 2008, the trial court granted Appellees' plea to the jurisdiction. Approximately twenty days later, Fox filed a motion to reconsider, which was, in essence, a motion for new trial, and the trial court denied the same on October 13, 2008.[1] On October 2, 2008, the trial court entered findings of fact and conclusions of law. Those findings stated that Fox sued the City's employees while acting in their official capacity and that Fox did not to comply with Chapter 214 of the Local Government Code in seeking judicial review of the condemnation action. Thus, the trial court concluded that the suit against the public officials was a suit against the City, which enjoyed sovereign immunity, that Fox failed to plead a waiver of sovereign immunity, and that he failed to comply with the Local Government Code in bringing his action, depriving the court of subject-matter jurisdiction. Fox filed his notice of appeal on November 3, 2008.

## DISCUSSION

On appeal, Fox asserts two issues. The first is whether the trial court erred in dismissing his petition on grounds of sovereign immunity, and the second is whether the trial court erred in dismissing his petition on grounds that he failed to comply with Chapter 214 of the Local Government Code. Appellees respond that Fox's notice of appeal was not timely and that his arguments are inadequately briefed. We disagree with Appellees but nonetheless find Fox's

---

[1] We construe *pro se* pleadings liberally. *See Shull v. United Parcel Service*, 4 S.W.3d 46, 53 (Tex. App. – San Antonio 1999), *cert. denied*, 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000). Fox's motion to reconsider asked the court to reverse its order and reinstate the cause of action. We interpret this motion as a motion for new trial. *See Llano v. State*, 16 S.W.3d 197, 198 (Tex. App. – Houston [1st Dist.] 2000, pet. ref'd) (construing the substance of *pro se* motions as a motion for new trial).

contentions without merit.

*Notice of Appeal*

Appellate courts have jurisdiction only over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008), § 171.098 (Vernon 2005); TEX. GOV'T CODE ANN. § 1205.068 (Vernon 2000). According to Appellees, the granting of a plea to the jurisdiction is an interlocutory order, and therefore, Fox's notice of appeal was due twenty days after the trial court signed the order. *See* TEX. R. APP. P. 28.1 (stating that interlocutory appeals are accelerated and that the filing of a motion for new trial will not extend the time to perfect the appeal); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (stating that a person may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit).

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). For the plea to qualify as an interlocutory order, the granting or denying of the same by a governmental unit must leave other parties or claims at issue in the trial court. *Cf. Lehmann*, 39 S.W.3d at 195 (a judgment is final and appealable when it disposes of all parties and claims); *Woosley v. Smith*, 925 S.W.2d 84, 86 (Tex. App. – San Antonio 1996, no pet.) ("[A]n order is interlocutory when it fails to dispose of all parties to a suit and leaves the case in such a situation that further action by the court is required to settle the controversy."). If it does not, "no obstacle or impediment stands in the way of proceeding," and the granting of a plea to the jurisdiction is a final, appealable order. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985).

Here, the trial court determined that it lacked subject-matter jurisdiction by granting

Appellees' plea to the jurisdiction and dismissing the case. That order disposed of all claims against all parties. Accordingly, we hold, under the facts of this case, that the trial court's order sustaining the plea was not interlocutory, but a final and appealable order. *See Speer*, 685 S.W.2d at 23; *Stanton v. Univ. of Tex. Health Sci. Ctr.*, 997 S.W.2d 628, 629 n.1 (Tex. App. – Dallas 1998, pet. denied). Therefore, the provisions relied on by Appellees are inapposite, and Fox, by filing a motion for new trial within 30 days after the judgment was signed and a notice of appeal within 88 days after the judgment was signed, invoked our jurisdiction over this appeal. *See* TEX. R. APP. P. 26.1(a)(1) (notice of appeal must be filed with 90 days after the judgment is signed if any party timely files a motion for new trial); TEX. R. CIV. P. 329b(a) (motion for new trial must be filed prior to or within thirty days after the order complained of is signed).

### *Inadequately Briefed*

Appellees also contend that Fox inadequately briefed his complaints. Although we liberally construe *pro se* briefs, we nevertheless hold *pro se* litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Thus, to present an issue for our review, the *pro se* litigant's brief must contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. Bare assertions of error, without argument or authority, waive error. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.); *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App. – Dallas 1995, writ denied).

Here, Fox's brief contains a statement of the case, issues presented, a statement of facts, a

summary of argument, and an argument section supported by case law. Although Fox fails to provide record cites for each sentence, we note that the record is small and that Fox is simply contesting Appellees' plea to the jurisdiction and defense that Fox failed to comply with applicable statutes in bringing his suit. Therefore, we will exercise our discretion and address his complaints. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing).

*Chapter 214*

We begin our discussion with Fox's second issue, which asserts that the trial court erred by dismissing the case for lack of subject-matter jurisdiction when he failed to follow the procedures outlined in Chapter 214 of the Local Government Code in seeking judicial review of the condemnation hearing. We do so because Fox appears to be appealing from the City Council's condemnation resolution against his apartment building as his pleadings allege that the tort action resulted from the condemnation proceeding brought by the City Council, that his complaints were denied or ignored during the condemnation hearing, and that the City Council nevertheless continued the proceedings.

Section 214.0012 of the Local Government Code provides that an individual who seeks judicial review of a condemnation order issued by a municipality must file a petition for writ of certiorari in district court. TEX. LOC. GOV'T CODE ANN. § 214.0012(a) (Vernon 2008); *see also Martinez v. City of El Paso*, 169 S.W.3d 488, 492 (Tex. App. – El Paso 2005, pet. denied), *disapproved on other grounds by Tellez v. City of Socorro*, 296 S.W.3d 645 (Tex. App. – El Paso 2009, pet. denied); *Nussbaum v. City of Dallas*, 948 S.W.2d 305, 308 (Tex. App. – Dallas 1996, no writ); *J.B. Advertising, Inc. v. Sign Bd. of Appeals*, 883 S.W.2d 443, 446 (Tex. App. – Eastland 1994, writ denied). Filing of the petition for writ of certiorari is a prerequisite to invoking the trial

court's subject-matter jurisdiction over the appellate proceeding. *See Tellez*, 296 S.W.3d at 650 n.2; *Martinez*, 169 S.W.3d at 492.

Here, however, Fox appealed the condemnation order by instituting a tort action for negligence and gross negligence. He never filed a petition for writ of certiorari. Therefore, Fox never invoked the trial court's jurisdiction to judicially review the City Council's actions at the condemnation hearing. *See Tellez*, 296 S.W.3d at 650 n.2; *Martinez*, 169 S.W.3d at 492. Accordingly, the trial court did not err by dismissing the case for lack of subject-matter jurisdiction, and we overrule Fox's second issue.

*Plea to the Jurisdiction*

Assuming Fox's intent was not to appeal the condemnation hearing but rather sue Appellees for negligence and gross negligence in tort, we now turn to Fox's first issue, which challenges the trial court's dismissal for lack of subject-matter jurisdiction on grounds of sovereign immunity following Appellees' filing of a plea to the jurisdiction. According to Fox, the trial court should not have dismissed the case without allowing him the opportunity to amend his pleadings. We disagree.

Jurisdiction is a question of law that we review *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Gonzalez v. Greyhound Lines*, 181 S.W.3d 386, 391 (Tex. App. – El Paso 2005, pet. denied). In a suit against a governmental unit, the plaintiff has the burden to allege facts that affirmatively show the trial court's jurisdiction to hear the case, s*ee Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), and we construe the pleadings liberally in favor of jurisdiction. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *County of Cameron v. Brown*, 80

S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then

a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*;

*Gonzalez*, 181 S.W.3d at 391.

Here, Fox's suit against Appellees for acts or omissions arising during the scope of their

employment was, in effect, a suit against the City, which the officials represented. *See Gomez v.*

*Housing Authority of the City of El Paso*, 148 S.W.3d 471, 482 (Tex. App. – El Paso 2004), *cert.*

*denied*, 546 U.S. 872, 126 S.Ct. 379, 163 L.Ed.2d 166 (2005); *Hallmark v. City of Fredericksburg*,

94 S.W.3d 703, 708 (Tex. App. – San Antonio 2002, pet. denied). Generally, municipalities enjoy

sovereign immunity, and Fox, as the party suing the governmental unit, had the burden to establish

a waiver of the City's sovereign immunity by pleading the City's consent to be sued, express

legislative permission, or a specific statute waiving the City's immunity. *Texas Dep't of Trans. v.*

*Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In this case, we are concerned with the latter as Fox labeled

his suit a "tort action" and argued that the Texas Tort Claims Act ("TTCA") applied.[2] *See Shull*,

4 S.W.3d at 53 (we construe *pro se* pleadings liberally).

Under the TTCA, the City is a governmental unit and enjoys immunity from: (1) intentional

torts; and (2) suits for negligence unless the action involved the use of publicly owned vehicles,

premises defects, or injuries arising out of the conditions or use of tangible, personal property. *See*

TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.057(2) (Vernon 2005); *Miranda*, 133 S.W.3d

at 225. However, Fox never pled that his injuries, if any, were the result of the City's operation of

---

[2] Fox's pleadings allege a tort action for negligence and seek monetary damages. The pleadings, therefore, are not an action to determine or protect his private rights from any officials' acts without legal or statutory authority. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997) (unlike a suit for damages based on the official's discretionary acts, an action to determine or protect a private party's rights against an official who has acted without legal or statutory authority is not a suit against the sovereign that is barred by sovereign immunity), *overruled on other grounds by General Services Com'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 593 (Tex. 2001).

a motor vehicle, premises defects on the City's property, or the condition of tangible, personal or real property that the City was responsible for. Rather, he simply pled negligence and gross negligence. Because Fox has not pled a waiver of the City's sovereign immunity, the trial court lacked subject-matter jurisdiction and dismissal was proper. *See Miranda*, 133 S.W.3d at 226 (plaintiff has initial burden to plead facts affirmatively showing trial court has subject-matter jurisdiction).

Nevertheless, Fox contends that he should be afforded the opportunity to amend his pleadings to address sovereign immunity. However, a trial court only errs in failing to afford a plaintiff the opportunity to amend when there are curable defects in jurisdiction. *See Sepulveda v. County of El Paso*, 170 S.W.3d 605, 617 (Tex. App. – El Paso 2005, pet. denied). Here, Fox's suit in tort arises from the City's condemnation action where he alleged that the City Council denied his contentions that Thomas Maquire, a Code Enforcement Officer for the El Paso Building Services Department, should not have testified at the condemnation hearing as Fox was litigating a civil rights action against Maquire and Maquire did not possess the proper credentials to institute condemnation proceedings against Fox. Fox's negligence action does not result from those statutory acts or omissions that provide for a waiver of the City's immunity under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (sovereign immunity waived where injuries result from the City's operation of a motor vehicle, premises defects on the City's property, or the condition of tangible, personal or real property that the City was responsible for). Accordingly, the jurisdictional problems are not curable and the trial court did not err by dismissing the case without allowing Fox the opportunity to amend his pleadings. *See, e.g., Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *City of Austin v. Leggett*, 257 S.W.3d 456, 476-77 (Tex. App. – Austin 2008, pet. denied) (cases holding trial court lacked subject-matter jurisdiction when pleading defects could not be cured). Fox's first issue is overruled.

## CONCLUSION

Having overruled Fox's issues, we affirm the trial court's judgment.


                                            GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment