**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed April 18, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00078-CV

---

## IN RE HARRIS COUNTY APPRAISAL DISTRICT, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-48442**

---

## MEMORANDUM OPINION

On January 30, 2019, relator Harris County Appraisal District ("HCAD") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to rule on its plea to the jurisdiction. We conditionally grant the petition.

**BACKGROUND**

The issue in this mandamus proceeding is whether the trial court abused its discretion by failing to rule on HCAD's plea to the jurisdiction, in which HCAD asserted that Nexen Energy Marketing, U.S.A. failed to exhaust its administrative remedies before seeking judicial review of the Appraisal Review Board's ("ARB") order denying Nexen's request that certain property be removed from HCAD's appraisal rolls and records.

According to Nexen, oil was temporarily located in Harris County, while in transit to Louisiana. The oil arrived at Oiltanking Houston, L.P. in late December 2014, and was pumped into Nexen's leased batching tank. It was moved by pipeline into Louisiana shortly after January 1, 2015. For the 2015 tax year, Nexen rendered to HCAD its personal property at Oiltanking, including the oil, and also tank bottom oil, which is needed to facilitate the proper operation of the tank and pipelines, and paid the tax on its assessed personal property.

Thereafter, Nexen filed a request for correction of the Harris County appraisal roll with the ARB seeking to have the oil and tank bottom oil exempted from assessment of personal property because the oil was in interstate commerce. The ARB denied Nexen's request for correction.

Nexen filed an original petition with request for disclosure in the trial court for review of the ARB's order. Nexen alleged that, because it had paid all assessed taxes, including those on the oil and tank bottom oil, it was entitled to a refund. Nexen further claimed that it had exhausted all administrative remedies before appealing the ARB's ruling in the trial court.

On June 1, 2018, HCAD filed a plea to the jurisdiction, contending that the trial court lacked subject matter jurisdiction over Nexen's claims due to Nexen's failure to exhaust its administrative remedies in failing to file a protest with the ARB. HCAD noticed a hearing on its plea to the jurisdiction for July 26, 2018. On June 11, 2018, Nexen filed an emergency motion for a hearing and requested that the trial court hear HCAD's plea to the jurisdiction and a motion for summary judgment, which Nexen planned to file, at the same hearing. Nexen requested that the hearing on its emergency motion be set for June 20, June 21, or June 22, 2018. The trial court did not rule on Nexen's emergency motion.

On June 27, 2018, the trial court passed the July 26, 2018 hearing on the plea to the jurisdiction. HCAD then filed a notice of submission, setting its plea to the jurisdiction for submission on July 9, 2018, which the trial court passed with the notation, "NO DKT ON NATIONAL HOLIDAY." On June 28, 2018, Nexen filed an emergency motion requesting a hearing on HCAD's plea to the jurisdiction, in which Nexen asked that it be given an opportunity to argue its response in opposition to HCAD's plea to the jurisdiction at an oral hearing on a date convenient to the trial court.

Nexen, on July 2, 2018, filed a motion for summary judgment on a claim for removal of certain property from the Harris County tax appraisal rolls and noticed submission of its motion for August 23, 2018. On July 26, 2108, Nexen filed an amended petition, further addressing its assertion that it had exhausted its administrative remedies. HCAD responded on August 2, 2018, by filing a first amended plea to the jurisdiction, and noticed submission of its plea for August 13, 2018. HCAD, on August 9, 2018, also filed a motion for a ruling on its first amended

plea to the jurisdiction and for a continuance of the hearing on Nexen's motion for summary judgment, contending that the trial court should rule on the amended plea to the jurisdiction before ruling on other motions. Nexen requested that HCAD's first amended plea to the jurisdiction and motion for a ruling be heard at the August 23, 2018 hearing with Nexen's motion for summary judgment.

The trial court held a hearing on HCAD's amended plea to the jurisdiction and Nexen's motion for summary judgment on August 23, 2018 but did not rule on either.

At the time HCAD filed its mandamus petition, the case was "*tentatively* assigned to trial" on January 31, 2019. In a January 29, 2019 email to the trial coordinator and Nexen's counsel, HCAD's counsel asked the following:

> When we spoke at Thursday's status conference, you indicated that the Judge would rule on Defendant's First Amended Plea to the Jurisdiction that was set for submission on 8/13/18, prior to the trial. Do you know if we will get a ruling today?

The trial coordinator responded: "Judge Hall will rule on the motion before trial. Please note, the email sent to counsel tentatively assigned the case to trial." Nexen then asked that the trial be moved to the following week because of the unavailability of a witness, and filed a motion requesting the court to change the trial date. The trial coordinator responded on January 30, 2018, that the trial court would grant the motion to continue the trial until the following week, but could not say when the case would be assigned to trial.

HCAD filed its petition for writ of mandamus in this court on January 30, 2018, and this court issued an order staying the commencement of the trial.

4

HCAD asserts that a trial court must rule on a plea to the jurisdiction properly filed and pending before it takes any other action in a case. HCAD requests that this court compel the trial court to rule on the first amended plea to the jurisdiction.

## Abuse of Discretion

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court abused its discretion and relator does not have an adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). When a motion is properly pending before a trial court, the act of considering and ruling on it is ministerial, and mandamus may issue to compel the trial court to act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam). To establish that the trial court abused its discretion by failing to rule on a properly pending motion, the relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding).

Nexen does not dispute that HCAD's first amended plea to the jurisdiction was properly filed in and pending before the trial court. HCAD filed its first amended plea to the jurisdiction on August 2, 2018, and noticed submission of its plea for August 13, 2018. HCAD also filed, on August 9, 2018, a motion asking the trial court to rule on its first amended plea to the jurisdiction and for a continuance of the hearing on Nexen's motion for summary judgment. The trial court heard the first amended plea to the jurisdiction on August 23, 2018, but did not rule on it. On January 29, 2019, HCAD asked the trial coordinator: "Do you know if we will get a

5

ruling today?" The trial court did not rule on the first amended plea to the jurisdiction. HCAD asked the trial court to rule on its first amended plea to the jurisdiction, and the trial court failed to rule.

The trial court also has a reasonable time in which to rule on a pending motion. *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed depends on the circumstances of the case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748.

Six months lapsed between the time HCAD filed its first amended plea to the jurisdiction on August 2, 2018, and when it filed its petition for writ of mandamus on January 30, 2019, and the case was "***tentatively*** assigned to trial" on January 31, 2019. Here, six months is an unreasonable amount of time to rule on HCAD's first amended plea to the jurisdiction where the trial court heard arguments on the plea at a hearing on August 23, 2018, and HCAD asked the trial court to rule on the plea. We conclude that the trial court abused its discretion by failing to rule on HCAD's first amended plea to the jurisdiction.

**No Adequate Remedy by Appeal**

The failure to exhaust administrative remedies "deprives the courts of jurisdiction to decide most matters relation to ad valorem taxes." *Vitol v. Harris Cty. Appraisal Dist.*, 529 S.W.3d 159, 168 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (quoting *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006)

(per curiam)). A party may file a plea to the jurisdiction to challenge the plaintiff's failure to exhaust administrative remedies. *Harris Cty. Appraisal Dist. v. ETC Mktg., Inc.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

If the trial court grants the plea to the jurisdiction, all claims and parties will be disposed, and Nexen can appeal from a final judgment. *See Fox v. Wardy*, 318 S.W.3d 449, 452 (Tex. App.—El Paso 2010, pet. denied) (holding that order granting plea to jurisdiction, which disposed of all claims against all parties, was a final and appealable order). On the other hand, if the trial court denies the plea to the jurisdiction, as a governmental entity, HCAD has the statutory right to an interlocutory appeal from that order, and all proceedings in the trial court will be stayed pending resolution of the interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8), (b) (providing that a person may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit and all proceedings in the trial are stayed pending resolution of the interlocutory appeal).

If the trial court does not rule on HCAD's first amended plea to the jurisdiction before trial, HCAD may unnecessarily incur the expense of a trial. *See City of Galveston v. Gray,* 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (granting mandamus relief where the trial court refused to rule on the city's and county's respective pleas to the jurisdiction and the city and the county would not be able to avail themselves of their statutory right to an interlocutory appeal and thereby avoid the expense of trying a case if there was no jurisdiction). Similarly, if the trial court grants Nexen's motion for summary judgment without having ruled on the first amended plea to the jurisdiction, HCAD will lose its right

to a determination of jurisdiction.  Therefore, HCAD does not have an adequate remedy by appeal.

## CONCLUSION

Without addressing the merits of HCAD's plea to the jurisdiction, we conditionally grant HCAD's petition for writ of mandamus and direct the trial court to rule on HCAD's plea to the jurisdiction before ruling on other motions.  *See In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (stating that while the appellate court has jurisdiction to direct the trial court to exercise its discretion, it is not permitted to tell the trial court how to rule on a pending motion).  The writ will issue only if the trial court fails to act in accordance with this opinion.  We lift our stay issued on January 31, 2019.


/s/      Margaret "Meg" Poissant
Justice


Panel consists of Justices Christopher, Hassan, and Poissant.