# NO. 12-19-00320-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Philip J. Emerson, Jr., acting pro se, filed this original proceeding to challenge Respondent's denial of his motion to set aside an order granting the plea to the jurisdiction filed by the Real Party in Interest, Judge Jerry E. Parker.[1]  We deny the writ.

## BACKGROUND

Judge Parker presides over the Justice of the Peace Court, Precinct 3, in Wood County, Texas.  Emerson was charged with four misdemeanor offenses in Judge Parker's court.  On May 24, 2019, Emerson filed a motion demanding that Judge Parker disqualify himself from the four cases.  On June 27, Judge Parker signed four orders transferring the cases to another judge.

Emerson subsequently filed a petition for "writs of mandamus" against Judge Parker in Respondent's court.  Although titled as a mandamus petition, Emerson requested declaratory relief and asserted claims for negligence, negligence per se, negligent and intentional infliction of emotional distress, false imprisonment, civil conspiracy, and constitutional violations, and sought damages.[2]  Judge Parker filed a plea to the jurisdiction on grounds that all acts complained of arise out of judicial acts and are barred by judicial immunity.  Respondent granted the plea to the

---

[1] Respondent is the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas.

[2] "[C]ourts should acknowledge the substance of the relief sought despite the formal styling of the pleading[.]"  *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011).

jurisdiction on August 28 and denied Emerson's motion to set aside the order granting the plea to the jurisdiction. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## AVAILABILITY OF MANDAMUS

Emerson contends that Respondent abused his discretion by granting the plea to the jurisdiction. According to Emerson, Respondent should have abated the case and given him an opportunity to amend his petition.

However, Emerson admits that the order granting the plea to the jurisdiction is final and appealable. In the August 28 order, Respondent granted the plea to the jurisdiction and dismissed Emerson's claims against Judge Parker, with prejudice, for lack of jurisdiction. That same day, the Wood County District Clerk's Office sent Emerson a "NOTICE OF FINAL JUDGMENT OR OTHER APPEALABLE ORDER" informing him that a "final judgment was entered and said judgment was signed on this the 28th day of August, 2019." Accordingly, because a final judgment has been signed, Emerson could have filed a notice of appeal to challenge the order granting the plea to the jurisdiction and dismissing his case.[3]

---

[3] A party may not attack a trial court's ruling by seeking a writ of mandamus, even if the appellate remedy is no longer available. *In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App.–Amarillo 2008, orig. proceeding); *see In re Hart*, 351 S.W.3d 71, 77 (Tex. App.–Texarkana 2011, orig. proceeding) (because relator did not "avail himself of the procedures available to file a notice of appeal, he lost the opportunity to file a direct appeal even though that avenue was available to him ... [m]andamus is not available if another remedy, though it would have been adequate, was not timely exercised[ ]"); *see also In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.–Fort Worth 2009, orig. proceeding) ("A party's failure to comport with these rules which would have given him the time to file his notice of appeal is not a sufficient excuse to justify issuance of mandamus[ ]").

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). The granting of a plea to the jurisdiction that disposes of all parties and claims, as in the present case, is a final, appealable order. *See Fox v. Wardy*, 318 S.W.3d 449, 452 (Tex. App.—El Paso 2010, pet. denied). And mandamus relief is not to be used as a substitute for appeal. *See In re Devon Energy Prod. Co., L.P.*, 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding). Mandamus relief has occasionally been granted after final judgment, but in unusual circumstances. *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 352 (Tex. App.—Tyler 2009, orig. proceeding); *see Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (mandamus appropriate because of "unique and compelling circumstances" involving conflicting child custody orders despite the entry of a final order); *see also In re Home State County Mut. Ins. Co.*, No. 12-07-00062-CV, 2007 WL 1429584, at \*3-4 (Tex. App.—Tyler May 16, 2007, orig. proceeding) (mem. op.) (mandamus requiring trial court to vacate severance order rendered final judgment interlocutory). No similar unusual or compelling facts arise in this case.

Nor does this proceeding qualify as the type of exceptional case that warrants mandamus review. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *In re Prudential Inc. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Whether the plea to the jurisdiction was improperly granted, and the case dismissed with prejudice, is an error that could be cured without mandamus review and there is no indication that any such error could not be made part of the appellate record. *See In re East Tex. Med. Ctr.*, No. 12-17-00183-CV, 2017 WL 4675511, at \*2 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.). And the record does not suggest that mandamus review is essential to give needed and helpful direction that would otherwise prove elusive in an appeal from the order granting the plea to the jurisdiction. *See In re Prudential Inc. Co. of Am.*, 148 S.W.3d at 136. Because a final judgment has been signed, the lack of mandamus review will not result in an irreversible waste of resources. *See id.* at 137; *see also In re Empower Texans, Inc.*, No. 03-18-00220-CV, 2018 WL 1802515, at \*3 (Tex. App.—Austin Apr. 17, 2018, orig. proceeding) (mem. op.) (recognizing that the "most frequent use of

mandamus relief by the supreme court involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved"); *East Tex. Med. Ctr.*, 2017 WL 4675511, at *2. Accordingly, we conclude that Emerson failed to establish an entitlement to mandamus relief.

## DISPOSITION

Because Emerson cannot demonstrate the lack of an adequate remedy by appeal, we **deny** the petition for writ of mandamus.

GREG NEELEY
Justice

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 16, 2019**

**NO. 12-19-00320-CV**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-19-00320-CV and the plaintiff in trial court cause number 2019-327, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on September 26, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*