

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| NOEL LIFE, | § | No. 08-23-00192-CV | |
| Appellant, | § | Appeal from | |
| v. | § | 41st Judicial District Court | |
| COUNTY OF EL PASO, TEXAS, | § | of El Paso County, Texas | |
| Appellee. | § | (TC# 2021DCV4345) | |

## MEMORANDUM OPINION

Appellant Noel Life appeals the trial court's order granting Appellee County of El Paso, Texas's plea to the jurisdiction, denying her motions for summary judgment, and dismissing the case for want of jurisdiction. Because Life has not pleaded a cause of action for which the County's immunity has been waived, we affirm.

## BACKGROUND

In 2019 and 2020, Life complained to the County's sheriff's office that the owner of the stables where she kept her horse was mistreating animals.[1] She alleges that the sheriff's office ignored her reports, and the stable owner continued abusing animals, including her horse.

---

[1] Though Life refers to the stable owner as "the assailant," the County is the only named defendant in this suit.

On December 9, 2020, Life told the County's sheriff's office that the stable owner shot and poisoned her horse. The animal welfare officer who responded believed the horse was colicky and reported those concerns to a veterinarian, who then treated the horse for colic. Life was dissatisfied with that veterinarian's treatment and sought treatment from a second veterinarian, who informed her that the horse would not survive.[2] Life claims she verified through independent toxicology testing that her horse tested positive for arsenic, which she says confirmed her complaints about the stable owner and the animal welfare officer's misdiagnosis.

Life asserted a claim against the County for $77,300, which the Commissioners' Court denied. She then sued the County in El Paso District Court, asserting various claims related to her horse's death, including various violations of state and federal laws and constitutional violations. The County filed a plea to the jurisdiction, arguing that the County retained immunity because, among other things, Life did not allege a waiver of immunity under the Texas Tort Claims Act (TTCA). The TTCA does not apply to intentional torts, and Life failed to provide the County with requisite statutory notice. Life moved for summary judgment in several separate motions. The court granted the County's plea to the jurisdiction, denied Life's motions for summary judgment, and dismissed the suit for want of subject-matter jurisdiction.

Shortly thereafter, Life filed a motion to recuse the presiding judge based on her prior employment with the El Paso County Attorney's office and sought to vacate the dismissal order. Life then appealed the dismissal.[3]

---

[2] It is not clear from the record exactly when Life's horse died; however, the record suggests a possible date of December 9, 2020.

[3] After filing her notice of appeal, Life also filed a document titled "Plaintiff's Answer: Opposition to Dismissal, DWOP" with the trial court. To be clear, there is nothing in the record that suggests Life's case was dismissed for want of prosecution.

## ANALYSIS

We understand Life's argument on appeal to be that the trial court erred in granting the County's plea to the jurisdiction because the County does not have immunity for the various claims she has asserted and that the dismissal order is void because of the presiding judge's conflict of interest. But because the County contends Life's appellate brief is substantively defective and fails to comply with the Texas Rules of Appellate Procedure's briefing requirements, we consider that issue first.

### A. Life has substantially complied with appellate briefing requirements.

The County argues Life inadequately briefed her appeal. Though Life proceeds pro se, she is held to the same standard as a licensed attorney and required to comply with all applicable laws and rules of procedure. *In Interest of M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *Zavala v. Franco*, 622 S.W.3d 612, 617–18 (Tex. App.—El Paso 2021, pet. denied) (discussing standards for pro se litigants). To present an issue for appellate review, a brief must, among other things, "state concisely and without argument the facts pertinent to the issues or points presented"; "state concisely all issues or points presented for review"; and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (g), (i). The briefing requirements are not satisfied by merely uttering brief, conclusory statements unsupported by citations to legal authority. *Jonson v. Duong*, 642 S.W.3d 189, 194 (Tex. App.—El Paso 2021, no pet.). However, we construe briefs "liberally, but reasonably, . . . so that the right to appeal is not

3

lost by waiver." *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020).

Here, Life's brief contains a statement of the case, issues presented, a statement of facts, a summary of the argument, and an argument section which includes separate citations to legal authorities. It is clear from her brief that she has attempted to comply with what Rule 38.1 requires. Although Life does not strictly follow all of Rule 38.1's requirements, the record is relatively small, and the appeal is straight-forward: Life is contesting the County's plea to the jurisdiction. Thus, we exercise our discretion and address her complaints on appeal. *See Fox v. Wardy*, 318 S.W.3d 449, 453 (Tex. App.—El Paso 2010, pet. denied) (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)) (addressing merits of pro se litigant's appeal despite lack of record citations).

### B. Life has not established the trial court erred in granting the County's plea to the jurisdiction.

Life appeals the trial court's order granting the County's plea to the jurisdiction and dismissing her case for want of jurisdiction. The County maintains immunity because Life has not pleaded a cause of action for which its immunity has been waived.

Governmental units, like the County, are immune from lawsuits except where the Legislature expressly waives that immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Sovereign immunity deprives a trial court of subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). In a suit against a governmental entity, the plaintiff must allege facts that affirmatively demonstrate the trial court has jurisdiction to hear the case. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe pleadings liberally in favor of the plaintiff. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). However, when a plaintiff's pleadings affirmatively negate the existence of

4

jurisdiction, a plea to the jurisdiction may be granted without affording the plaintiff an opportunity to amend her pleadings. *Miranda*, 133 S.W.3d at 227. We review a trial court's denial of a plea to the jurisdiction de novo. *Id.* at 226.

Here, Life alleges various negligent acts and intentional torts, and seeks monetary damages from the County. We construe Life's pleadings liberally; however, it is Life's burden as the plaintiff suing a governmental entity to establish a waiver of immunity. *Id.* She has not attempted to do so. Even accepting all allegations as true and construing the pleadings liberally in Life's favor, she has not pleaded a cause of action for which the County's immunity has been waived. For example, the TTCA does waive immunity "subject to restrictions, in the following three areas: 'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'" *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019) (quoting *Miranda*, 133 S.W.3d at 224). None of Life's allegations suggest that her alleged injuries were the result of the County's operation of a motor vehicle, premises defects on the County's property, or the condition of tangible, personal or real property for which the County was responsible. And the TTCA does not waive immunity for intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Texas Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 204 n.4 (Tex. 2020). Thus, Life's pleadings affirmatively negate the existence of jurisdiction. *See Miranda*, 133 S.W.3d at 227. Without a waiver of immunity, the County retains its immunity from suit, and the trial court properly dismissed Life's suit for want of subject-matter jurisdiction.[4]

Finally, Life argues the dismissal order is void because the trial court judge should have recused herself based on a purported conflict of interest. Life takes issue with the fact that the

---

[4] Because we agree that Life has not pleaded a cause of action for which the County's immunity has been waived, we do not reach whether Life provide the County with the requisite notice provision of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a); TEX. R. APP. P. § 47.1.

judge worked for the County Attorney's office from October 1997 through December 2008 and contends the judge thus has a conflict of interest that prevents her from rendering an unbiased opinion in the case. However, Life filed a motion for recusal after the trial court dismissed the case for want of jurisdiction, so there is no ruling on that motion in the record. A denial of a motion to recuse may be reviewed on appeal from a final judgment for abuse of discretion. *Scown v. City of Alpine*, 271 S.W.3d 380, 382 (Tex. App.—El Paso 2008, no pet.). However, here, there is no order on her motion for us to review.[5]

## CONCLUSION

Having overruled Life's issues, we affirm the trial court's order granting the County's plea to the jurisdiction and dismissing Life's suit for lack of subject-matter jurisdiction.

LISA J. SOTO, Justice

February 28, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[5] We also note that Life's motion does not meet the formal or substantive requirements of Texas Rule of Civil Procedure 18a. TEX. R. CIV. P. 18a (pertaining to recusal and disqualification of judges).