ACCEPTED
08-24-00144-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/29/2024 12:09 PM
ELIZABETH G. FLORES
CLERK

## 08-24-00144-CV

**08-24-00144-CV**

**IN THE COURT OF APPEALS FOR THE
EIGHTH JUDICIAL DISTRICT
EL PASO, TEXAS**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/29/2024 12:09:44 PM
ELIZABETH G. FLORES
Clerk

_____

**CITY OF EL PASO, MAYOR DEE MARGO, GREGG ALLEN, POLICE
CHIEF FOR THE EL PASO POLICE DEPARTMENT, TONY
RUVALCABA, POLICE OFFICER FOR THE EL PASO POLICE
DEPARTMENT**

**Appellants,**

**v.**

**R. K.**

**Appellee.**

_____

**APPELLANT'S BRIEF**

_____

Respectfully submitted,

**KARLA M. NIEMAN, City Attorney**
MAYRA A. STANTON
Assistant City Attorney
State Bar No.: 24104631
P.O. Box 1890
El Paso, Texas 79950-1890
Tel: (915) 212-0033
Fax: (915) 212-0034
StantonMA@elpasotexas.gov

Attorneys for Appellants

i

# IDENTITY OF THE PARTIES, COUNSEL AND TRIAL JUDGE

Pursuant to Tex. R. App. P. 38.1(a) and 8th Tex. App. (El Paso) Loc. R. 38.1(c), Appellee certifies that the following is a complete list of all parties to this litigation, the names and addresses of all counsel, and a listing of all trial judges presiding.

**Patrick M. Garcia**
Trial Judge, 384th District Court
500 E. San Antonio, Rm. 906, El Paso, Texas 79901

**City of El Paso**
Appellant

**Mayor Dee Margo**
Appellant

**Officer Tony Ruvalcaba**
Appellant

**Chief Gregg Allen**
Appellant

**Mayra A. Stanton**
Trial Counsel and Appellant Counsel for the City of El Paso, Texas, Mayor Dee Margo, Gregg Allen Chief of EPPD and Police Officer Tony Ruvalcaba
P.O. Box 1890, El Paso, Texas 79905-1890

**R. K.**
Appellee

**Veronica Teresa Lerma**
Trial Counsel and Appellees' Counsel for R.K.
1417 Montana Ave., El Paso, Texas 79902

# TABLE OF CONTENTS

IDENTITY OF PARTIES, COUNSEL AND TRIAL JUDGE……………………ii

TABLE OF CONTENTS……………………………………………………….iii

INDEX OF AUTHORITIES……………………………………......……..iv-v

STATEMENT REGARDING REFERENCES…………………………….…..vi

STATEMENT OF THE CASE………………………………………...…1-2

STATEMENT OF JURISDICTION…………………………………………..3

ISSUES PRESENTED…………………………………………………..4

STATEMENT OF FACTS…………………………………………….5-6

SUMMARY OF THE ARGUMENT…………………………………………7-9

ARGUMENT AND AUTHORITIES……………………………………… 10-22

    I.      The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts Subject matter jurisdiction based on Appellant's assertion of governmental and official immunity from suit and liability from declaratory relief and injunctive relief ………...................................................................................10-21

    II.    The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts' Subject matter jurisdiction based on the Appellant's assertion that no privity of contract exists with Appellants and Appellee …………………………………………………..21

PRAYER………………………………………………………………….22

CERTIFICATE OF COMPLIANCE…………………………………………..23

CERTIFICATE OF SERVICE……………………………………………24

APPENDIX………………………………………………………………25-27

# INDEX OF AUTHORITIES

*Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 424 (Tex. 2004)…..19

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) ………………………………………..…………………8,12,14,15,16,18

*City of El Paso v. Hernandez,* 16 S.W.3d 409, 414 (Tex. App.—El Paso 2000, pet. denied) …………………………………………..……………………..7,10,11

*City of Houston v. Houston Mun. Empls. Pension Sys.,* 549 S.W.3d 566, 575 (Tex.2018)……………...…………………………………………………....10

*City of Houston v. Williams*, 216 S.W.3d 827, 828-829 (Tex. 2007)………………………………………………………......8,13

*City of Lancaster v. Chambers,* 883 S.W.2d 650,654 (Tex. 1994)……………………………………………………..……17,19,20

*Federal Sign v. Texas S. Univ*., 951 S.W.2d 401 (Tex. 1997) ……………..…..…… 7

*Fox v. Wardy*, 318 S.W.3d 449, 455 (Tex.App. – El Paso 2010, pet. denied)……………………………………………………………11,12

*In re Ex,* 2024 Tex. App LEXIS 7157…………………………………………….13

*Janek v. Harlingen Family Dentistry, P.C.* 451 S.W.3d 97, 101 (Tex. App.-Austin, 2014, no writ) …………………………………………………………17

*Maguire Oil Co. v. City of Houston,* 69 S.W.3d 350, 365 (Tex.App.—Texarkana 2002, pet. denied)………………………………………………………14

*Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998)………..…........10

*Patel v. Tex. Dep't of Licensing & Regulation,* 469, S.W.3d 69, 77 (Tex. 2015)………………………………………………………………....14

*Sepulveda v. County of El Paso*, 170 S.W.3d 605, 610 (Tex. App.—El Paso, 2005,

pet. denied) …………………………………………...…………….…… 8

*State v. Morales,* 869 S.W.2d 941, 947 (1994)…………………………………13

*State Bar v. Gomez,* 891 S.W.2d 243, 245 (Tex. 1994)……………..……….…..7

*Tex. A & M Univ. Sys. V. Koseoglu,* 233 S.W.3d 835, 844 (Tex. 2007)………...…8

*Texas Ass'n of Business v. Texas Air Control*, 852 S.W.2d 440, 443 (Tex. 1993) ………………………………………………………….…… 7,12

*Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440, 446 (Tex. 1993) …………………………………………………......9,10

Tex. Civ. Prac. & Rem. Code §37.001…………………………………1,11,13

Tex. Civ. Prac. & Rem. Code §37.002(b)…………………………………..…11

Tex. Civ. Prac. & Rem. Code §65.011……………………………….…..……….…1

Tex. Civ. Prac. & Rem. Code §101.0215…………………………………….14

Tex. Code Crim. Pro. Art. 62.001(5)(A)…………………………………..5

*Tex. Dep't of Ins. v. Reconveyance Servs.,* 306 S.W.3d 256, 258-259 (Tex. 2010)..14

*Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ………..………………………………………….…..…7,10,12

*Texas Dept. of State Health Services v. Balquinta* 429 S.W.3d 726, 738 (Tex.App.-Austin 2014)…………………………………………….…8

*Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)…….……………7

*Texas Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 619-620 (Tex. 2011)………………………………….…8,11,12,13,15,17

*Texas Tech Univ. Health Sci. Ctr. v. Lucero*, 234 S.W.3d 158, 168 (Tex. App.—El Paso 2007, rehearing overruled) …………………..………………….… 8

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 2011 Tex. LEXIS 640, *8 (2011)…………………………………………………………………..12

Texas Penal Code Section 21.11(a)…………………………………...…………5

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 (Tex. 2003)………….13

# STATEMENT REGARDING REFERENCES

In this brief, Appellant uses the following abbreviations:

Clerk's Record is referred to as "C.R."

Reporter's Record is referred to as "R.R."

Appendix is referred to as "A.X."

Appellant the City of El Paso is referred to as "Appellant" or the "City."

Appellant Mayor Dee Margo is referred to as "Appellant" or the "Mayor"

Appellant Chief Greg Allen is referred to as "Appellant" or the "Chief"

Appellant Officer Ruvalcaba is referred to as "Appellant" or the "Officer"

R. K. is referred to as "Appellee" and/or "Plaintiff." and/or "R.K."

## STATEMENT OF THE CASE

***Nature of the Case:***

Appellees filed suit against Appellant the City of El Paso (the "City"), Mayor Dee Margo (the "Mayor"), Chief Greg Allen for the El Paso Police Department (the "Chief") and Tony Ruvalcaba, Police Officer for the El Paso Police Department (the "Officer") under V.T.C.A. Civil Practice & Remedies Code § 37.001 and § 65.011, seeking declaratory and injunctive relief. Appellees also filed suit against the Texas Department of Public Safety and Steve McCraw, Director of Texas Department of Public Safety. However, they are not parties to this appeal. Appellee's claim arises from the indictment for sexual assault of a child charge in 1993 in which he entered a plea of guilty. Specifically, Appellee wants to know his rights under the plea agreement with the State of Texas, to determine if his status is that of a convicted felon, and whether he must register as a sex offender.

The City, Mayor, Chief and the Officer challenged the trial court's subject matter jurisdiction to consider Plaintiffs' claims. The trial court denied Appellant's Plea to the Jurisdiction (C.R. 200) (A.X. 26), and the City seeks *de novo* review of this order through an interlocutory appeal (C.R. 202).

***Procedural History:***

Plaintiffs filed a Petition for Declaratory Judgment and Application for Temporary Restraining Order and for Temporary and Permanent Injunctions on

October 28, 2019 against the City, Mayor and the Officer (C.R. 12-65). On November 19, 2019, the City filed its Plea to the Jurisdiction, Original Answer and Motion to Dissolve Temporary Restraining Order, disputing the trial court's subject matter jurisdiction. (C.R. 102). The City filed its Plea to the Jurisdiction disputing the trial court's subject-matter jurisdiction on July 10, 2023 (C.R. 150). The City filed its First Amended Plea to the Jurisdiction on 08/23/2023. (C.R. 179)

On September 20, 2023, the trial court heard the First Amended City of El Paso's Plea to the Jurisdiction and denied Defendant's City of El Paso's Plea to the Jurisdiction on May 28, 2024. (C.R. 200) (A.X 26 ).

This accelerated appeal was timely filed on June 10, 2024, (C.R. 202-206). The City seeks *de novo* review and reversal of the trial court's May 28, 2024 Order denying the Defendant's City of el Paso's Plea to the Jurisdiction (C.R. 206) (A.X. 26).

## STATEMENT OF JURISDICTION

This is an accelerated interlocutory appeal from the trial court's denial of the First Amended City of El Paso's Plea to the Jurisdiction. This order is appealable under Section §51.014(a)(8), Texas Civil Practice and Remedies Code, and Rule 28.1, Texas Rules of Appellate Procedure.

# ISSUES PRESENTED

**I:** The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts Subject matter jurisdiction based on Appellant's assertion of governmental and official immunity from suit and liability from declaratory and injunctive relief

**II:** The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts' Subject matter jurisdiction based on the Appellant's assertion that no privity of contract exists with Appellants and Appellee

# STATEMENT OF FACTS

The case before the Court relates to R.K and the Sex Offender Registration Program ("SORP"). R.K. was indicted in 1992 for sexual assault of a child in violation of Section 21.11(a) of the Penal Code. On June 21, 1993, R.K. entered into a plea agreement and received deferred adjudication. (C.R. 33-34) The deferred adjudication statute in effect in 1993 provided that a dismissal was not to be deemed a conviction under Texas Law. On October 13, 1995, the trial court heard R.K.'s motion for Early Discharge from Probation and on December 14, 1995 the Trial Court signed an order that stated be discharged from probation and case be dismissed. (C.R. 36)

On August 8, 2018 R.K. was under a new indictment for other sexual crimes involving a child. On October 24, 2019, he was contacted by Officer Ruvalcaba to report to police headquarters that morning. Appellee alleges that the Officer presented him with a document which R.K. refused to sign. Then that the Officer told R.K. that if he did not report at the police station on October 29th, to register as a sex offender, he would be reported for refusing to register. (C.R. 15).

A guilty plea to sexual assault of a child under Section 21.11 is a reportable conviction under the SORP as currently enacted. The legislature applied the changes to reportable convictions retroactively. Deferred adjudication based upon a violation of Section 21.11 is *now* a reportable conviction which requires registration as a sex

offender. *See* Tex. Code Crim. Pro. Art. 62.001(5)(A). (A.X 27). The new indictment was dismissed on November 29, 2022.

Plaintiffs petition seeks injunctive and declaratory relief, asking the court to (a). declare the R.K's successful discharge and dismissal restored his rights by operation of law; (b) declare that, by successfully completing the terms of the deferred adjudication probation term and successfully obtaining a dismissal, R.K. contractually fulfilled his required performance under the plea bargain agreement he entered into with the State; (c) declare the State's demand for specific performance of action not contemplated by the contract is unlawful; (d) declare that allowing the State to force R.K. to register as a sex offender will violate R.K.'s right to substantive due process under the Fourteenth Amendment; (e) enjoin the Defendants from forcing R.K. to register as a sex offender, (f) order Texas Department of Public Safety and its Director to correct the error in R.K.'s records, which currently list his dismissed case as a "reportable conviction"; and (g) grant all and such other relief to which [Plaintiff] may be justly entitled by law. (C.R. 26-27).

Appellants challenged the trial court's subject matter jurisdiction to consider any of Appellees' claims (C.R. 108, 150, 179). On September 20, 2023, the trial court heard the Plea to the Jurisdiction filed by Appellants, and the trial court denied that plea on May 28, 2024. Appellants now bring the instant appeal.

## SUMMARY OF THE ARGUMENT

The City is a governmental entity that has governmental immunity from liability and suit. A plea to the jurisdiction is proper when a plaintiff's pleading shows on its face that the court does not have subject matter jurisdiction, or when undisputed facts demonstrate that the court does not have subject matter jurisdiction. *State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401 (Tex. 1997). It is the plaintiff's burden to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Business v. Texas Air Control*, 852 S.W.2d 440, 443 (Tex. 1993).

A plea to the jurisdiction is proper to challenge a suit filed against a governmental entity when it is apparent from the pleadings on file that the plaintiff does not have standing to sue. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636,638 (Tex. 1999). "A municipality such as the City of El Paso is immune from liability for its governmental functions unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. App.—El Paso 2000, pet. denied). "When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction and dismissal with prejudice is proper." *Texas Tech Univ. Health Sci. Ctr. v. Lucero*, 234 S.W.3d 158, 168 (Tex. App.—El Paso 2007, rehearing

overruled) citing *Sepulveda v. County of El Paso*, 170 S.W.3d 605, 610 (Tex. App.—El Paso, 2005, pet. denied).

Appellant challenges the legal and factual allegations raised by Appellees in their Verified Petition for Declaratory Judgment and Application for Temporary Restraining Order and for Temporary and Permanent Injunctions, and contends that the Appellees have failed to adequately plead a cause of action that is sufficient to support a finding that the trial court has jurisdiction over the controversy.

Appellee seeks declaratory and injunctive relief; however, his petition is barred by sovereign immunity. *See City of El Paso v. Heinrich,* 284 S.W.3d, 366, 380 (Tex. 2009). *See also Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 619-620 (Tex. 2011). A declaratory judgment is not available to circumvent a government's sovereign immunity. *City of Houston v. Williams*, 216 S.W.3d 827, 828-829 (Tex. 2007).

Further, the same claim could be brought against the appropriate state official under the ultra vires exception, under which claims may be brought for nondiscretionary acts unauthorized by law. *See Sefzik* 355 S.W.3d 366 *at 621.* A suit against a state official in his official capacity is for all practical purposes a suit against the agency itself. *Tex. A & M Univ. Sys. V. Koseoglu,* 233 S.W.3d 835, 844 (Tex. 2007). As such, official immunity extends to the Mayor, the Chief and the Officer in their official capacity. *Texas Dept. of State Health Services v. Balquinta*

429 S.W.3d 726, 738 (Tex.App.-Austin 2014). Absent such a showing the court is deprived of subject matter jurisdiction to hear this case, and the cause must be dismissed with prejudice.

<u>**ARGUMENT AND AUTHORITIES**</u>

**<u>I:</u>** The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts Subject matter jurisdiction based on Appellant's assertion of governmental and official immunity from suit and liability from declaratory relief and injunctive relief.

**<u>A:</u>** **<u>Standard of Review for Jurisdictional Challenge</u>**

A plea to the jurisdiction is proper to challenge a suit filed against a governmental unit when the governmental unit is immune from suit. *See City of Houston v. Houston Mun. Empls. Pension Sys.,* 549 S.W.3d 566, 575 (Tex.2018). To survive a plea to the jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W. 3d 217, 226 (Tex. 2004). It is well established under Texas Law that Plaintiffs bear the burden of demonstrating that the Court has subject-matter jurisdiction over a claim asserted against a governmental entity. *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440, 446 (Tex. 1993). Appellate courts review a trial court ruling on a plea to the jurisdiction under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).

The City's jurisdictional plea challenges the existence of jurisdictional facts with supporting evidence. In such a case, the standard of review mirrors that of a traditional summary judgment. *Miranda*, 133 S.W.3d at 225-226. "If the plaintiffs'

factual allegations are challenged with supporting evidence necessary for consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Id.* at 221. When the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, as here, the trial court should grant the plea to the jurisdiction as a matter of law. *Id*. at 228.

**B:** **The City of El Paso's Governmental immunity Bars Lawsuits Seeking Declaratory Relief Under the Uniform Declaratory Judgments Act (UDJA)**

The Uniform Declaratory Judgments Act (UDJA), Tex. Civ. Prac & Rem. Code Ann § 37.001, is a remedial statute designed to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. Tex. Civ. Prac.& Rem. Code Ann. § 37.002 (b). It does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. *See Texas Dep't of Trans. V. Sefzik,* 355 S.W.3d 618, 621(Tex. 2011). Appellant is the City of El Paso, a governmental entity. This Court, in agreement with the Texas Supreme Court has stated that "[a] municipality such as the City of El Paso is immune from liability for its governmental functions unless that immunity is specifically waived." *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex. App. – El Paso 2000, pet. denied). The City is a governmental entity and its sovereign immunity from suit for declaratory or injunctive relief is waived only

to the extent against actions taken by a governmental official beyond his discretion or without legal authority. *City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009).

When a plaintiff brings a case against a governmental entity, the plaintiff has the burden of pleading a claim that falls within the courts limited jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd*, 852 S.W.2d 440, 446 (Tex. 1993). This means the plaintiff must plead facts, which, if true, affirmatively show that the court has jurisdiction over the case. *Fox v. Wardy*, 318 S.W.3d 449, 455 (Tex.App. – El Paso 2010, pet. denied), citing *Miranda*, 133 S.W.3d at 226.

In *Sefzik,* the Supreme Court has held that sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver. *See Sefzik,* 355 S.W.3d 618 at 619-620. *Sefzik* was an applicant for a permit from the Texas Department of Transportation (TxDOT) to erect an out-door advertising sign. Sefzik was denied the application and brought suit against TxDOT. He sought a declaration that the Administrative Procedure Act's provisions governing "contested cases" applied to TxDOT's denial of his application. He sought declaratory relief. *Id.* at 620. The court held that the UDJA does not enlarge the trial court's jurisdiction but is "merely a procedural device for deciding cases already within a court's jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 2011 Tex. LEXIS 640, *8 (2011). Accordingly, the underlying action, if against the state or its political subdivisions, must be one for which immunity has expressly been

waived. *Sefzik*, 355 S.W.3d 618 at 622. The UDJA waives sovereign immunity in particular cases…[the state] may be a proper party to a declaratory judgment action that challenges the validity of a statute. *Id.* Absent a legislative waiver, the governmental political subdivision is immune from suit. *Id.* A declaratory judgment is not available to determine the rights status, or other legal relationships arising under a penal statute. *State v. Morales,* 869 S.W.2d 941, 947 (1994). A declaratory judgment is not available to circumvent a government's sovereign immunity. *City of Houston v. Williams,* 216 S.W.3d 827, 828-29 (Tex. 2007).

Here, the Appellee in this case asserts a declaratory relief based on Tex. Civ. Prac. & Rem. Code § 37.001. Appellee seeks to determine "his rights under the plea bargain agreement with the State of Texas, to determine his status is that of a convicted felon or not…to determine whether or not the State has violated his right to substantive due process by requiring him to register as a sex offender…and to determine whether he must register as a sex offender." (C.R. 22). R.K. does not challenge the validity or constitutionality of the statute requiring him to register as a sex offender. R.K. is trying to determine his rights under it, Appellee fails to direct us to any provision of the UDJA that expressly waives his claims. R.K. has attempted to use the *habeas corpus* avenue to have this court invalidate the underlying plea agreement, however this court has rejected this notion. *See In re Ex,* 2024 Tex. App LEXIS 7157.

Further, pursuant to § 101.0215, Civil Practices & Remedies Code, the authority of the El Paso Police Department is a function enjoined on a municipality by law given by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public. A municipality, exercising its governmental powers, through the discretion of a police officer, cannot be enjoined from invoking sovereign immunity if doing so would interfere with its exercise of governmental functions. *Maguire Oil Co. v. City of Houston,* 69 S.W.3d 350, 365 (Tex.App.—Texarkana 2002, pet. denied). The City maintains that Appellee has not, and cannot prove a complete waiver of immunity. R.K.'s petition is barred by governmental immunity. In *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 (Tex. 2003), the court said that a statute that waives a state's immunity must do so beyond a doubt. It also stated that if ambiguities exist in the immunity claim, that they are to be resolved in favor of retaining immunity. *Id.*

## C: R.K has Failed to Allege and Establish the Existence of Sufficient Facts to Invoke a Waiver of the City's Immunity to Maintain an Action for Injunctive Relief

A governmental entity such as the City of El Paso is immune from actions of injunctive relief and only in limited circumstances is immunity waived. Governmental immunity is waived when a plaintiff challenges a statute or ordinance's constitutionality. *See Patel v. Tex. Dep't of Licensing & Regulation,*

469, S.W.3d 69, 77 (Tex. 2015). Further, a governmental entity has immunity from claims for injunctive relief based on allegations that government officials are violating the law or exceeding their powers under the law. *Heinrich*, 284 S.W.3d 366 at 373. (concluding that suits complaining of ultra vires acts cannot be brought against a governmental unit but must be brought against the allegedly responsible government actor in his official capacity). *See* also *Tex Dep't of Ins. v. Reconveyance Servs.,* 306 S.W.3d 256, 258-259 (Tex. 2010). Absent these express waivers, governmental entities are immune from suits seeking injunctive relief.

Here, Appellee has failed to allege and establish facts sufficient to establish a waiver of the City's immunity. Appellee does not challenge the statute's constitutionality or has not done so properly. Further, Appellee does not plead any facts sufficient to trigger an ultra vires act against any city official. Even if that was the case, the City would still be immune from liability.

## D: <u>**Mayor Dee Margo and Chief Greg Allen in Their Official Capacity are Entitled to Official Immunity**</u>

Again, the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. *Sefzik,* 355 S.W.3d 618 at 622. However, it is the *ultra vires* exception, under which claims may be brought against a state official for *nondiscretionary* acts *unauthorized* by

law. *Id* at 621. The *ultra vires* exception waives immunity for both declaratory and injunctive relief.

In *Heinrich*, a widower of a fallen officer filed suit against the City of El Paso, the El Paso Firemen & Policemen's Pension Fund, the Fund's Board of Trustees when the pension she received was reduced by one-third, alleging that petitioners violated the statute governing the Fund by reducing her benefits retroactively. 284 S.W.3d at 369. Heinrich sought both declaratory relief and an injunction. *Id.* The court held that governmental immunity shielded the governmental entities from suit and the individual board members enjoyed official immunity. *Id.* The proper defendant in an *ultra vires* action is the state official whose acts or omissions allegedly trampled on the plaintiff's rights, [not the state agency itself]. *Id.* To fall within the *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* These suits do not seek to alter government policy but rather enforce existing policy. *Id.* Further, official immunity is an affirmative defense protecting public officials from individual liability. *Id.* at 380.

Here, appellee has failed to show an *ultra* vires act or omission to bring a suit against the Mayor or the Chief in their official capacity. Appellee has failed to plead any cause of action against the Mayor. Appellee is required to demonstrate a waiver

of immunity in order to sue a governmental employee in their official capacity. Appellee is required to show an *ultra vires* act or omission; no such act exists. Appellees petition is 16 pages in length and Mayor is mentioned only once in the entire document, and only as a party in paragraph 8 of the complaint. (C.R. 13). In addition, the Mayor is entitled to official immunity and therefore any claims against him should be dismissed.

In addition, nothing in Appellee's petition demonstrates any involvement of the Chief in any portion of the events made subject to Plaintiff's suit. Thus, Plaintiff has failed to plead any cause of action against the Chief. The Appellee is required to demonstrate a waiver of immunity in order to sue a governmental employee in their official capacity, and Appellee cannot meet that burden without pleading some prima facie case against the Chief. The Chief is mentioned only once in the entire document and only as a party in paragraph 7 of the complaint. (C.R. 13). Appellee is required to show an *ultra vires* act or omission; no such exception exists. In addition, the Chief is entitled to official immunity and any claims against him should be dismissed.

**E:  Officer Ruvalcaba's Acts Do Not Fall Under the Ultra Vires Exception and the Officer is Entitled to Official Immunity**

1. The Officer's acts are not ministerial or unauthorized and therefore do not fall under the *ultra vires* exception.

The UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. *Sefzik,* 355 S.W.3d 618 at 622. However, it is the *ultra vires* exception, under which claims may be brought against a state official for *nondiscretionary* acts *unauthorized* by law. *Id* at 621. The *ultra vires* exception waives immunity for both declaratory and injunctive relief. If an action involves personal deliberation, decision and judgment, it is discretionary; actions that require obedience to orders or the performance of a duty to which the actor has no choice are ministerial. *Janek v. Harlingen Family Dentistry, P.C.* 451 S.W.3d 97, 101 (Tex. App.-Austin, 2014, no writ) (*citing City of Lancaster v. Chambers,* 883 S.W.2d 650,654 (Tex. 1994). "Further, official immunity is an affirmative defense protecting public officials from individual liability. *Heinrich* 284 S.W.3d at 380.

Here, the Appellee's allegation is that the officer contacted R.K. by phone and told him to report to police headquarters to sign the acknowledgment of documentation that would require him to register as a sex offender. The alleged nature of this activity, contacting R.K. to sign documentation for Sex Offender Registry, would have required the assigned officer to research R.K.'s case, through his experience deliberate and come to the decision whether R.K.'s plea of guilty would have landed him on the

Department of Public Safety's list of persons that had to register as a sex offender. These tasks are the very hallmarks of discretion. *Id. at* 426. (The court notes that zoning Board of Appeals engages in deliberation, judgment and decision, which are the very hallmarks of discretion and clearly indicate the function the board does is discretionary). Appellees have not shown that any of the Officers were ministerial or unauthorized by law and therefore his actions do not fall under the *ultra vires* act exception.

2. The Officer is entitled to official immunity

"Common law official immunity is based on the necessity of public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by extended litigation." *Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 424 (Tex. 2004*).* When official immunity shields a governmental employee from liability, governmental immunity shields the governmental employer from vicarious liability. Official immunity or privilege means that (1) the person acted in a discretionary function; (2) the person acted in good faith; and (3) the person acted within the scope of his or her authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

First part of the *Chambers* test is whether the duty being performed is discretionary or ministerial. As Appellants stated above the officer's duty that day were discretionary in nature.

The second part of the *Chambers* test is whether the employee acted in good faith. Significantly, the good faith test is not a test of carelessness or negligence, or a measure of the employee's motivations. *Id.* at 426. Nor is the good faith test an inquiry into what a reasonable person *would* have done. *Id.* All that is asked in the good faith test is what a reasonable person *could have believed*. *Id.* The test asks whether a reasonably prudent person, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed. *Id.* If a reasonable person in the same circumstances would have believed that it was appropriate to require R.K to sign paperwork to register as sex offender, then the employee was acting in good faith.

The third part of the *Chambers* test is whether the person acted within the scope of his or her authority. Officials act within the scope of their authority if they are discharging the duties generally assigned to them. *Id.* Officer Ruvalcaba is a peace officer employed by the City of El Paso. Verifying whether an individual has to register as a sex offender are part of his duties, due to this the Officer is entitled to official immunity.

Since Officer Ruvalcaba's actions do not fall under the *ultra vires* exception and in addition the officer is entitled to the affirmative defense of official immunity. The trial court did not have subject matter jurisdiction over the officer's claims.

**II:** The trial court erred in denying the Appellant's Plea to the Jurisdiction challenging the Courts' Subject matter jurisdiction based on the Appellants assertion that no privity of contract exists with Appellants and Appellee

R. K has filed a Petition for Declaratory Judgment without asserting a claim for which relief can be sought. R.K is asserting a breach of contract as one of the claims of his petition; the contract is between the State of Texas by way of the El Paso County District Attorney's Office and R.K. The City, Mayor Dee Margo, Chief Allen, or Officer Ruvalcaba are not parties to this contract. See Plaintiff's Verified Petition for Declaratory Judgment, and Application for Temporary Restraining Order and for Temporary and Permanent Injunctions, Page 9 Paragraph 26-29 (C.R. 20-22). R.K's claims against the City, Mayor Dee Margo, Chief Allen and Officer Ruvalcaba should be dismissed.

## **PRAYER**

WHEREFORE, the City respectfully requests that this Appellate Court grant the Appellant's Plea to the Jurisdiction; reverse the trial court's order; and, render judgment in favor of Appellant, and dismiss this case for lack of subject-matter jurisdiction; or in the alternative, that this Court reverse the trial court's order and direct the trial court to issue judgment in favor of the Appellant, dismissing this case for lack of subject-matter jurisdiction; and that the Appellant recover costs and be afforded all other relief it may be entitled to at law or equity.

Respectfully submitted,

**KARLA M. NIEMAN, City Attorney**
State Bar No.: 24048542
P.O. Box 1890
El Paso, TX 79950-1890
Tel: (915) 212-0033
Fax: (915) 212-0034

Signed on October 29, 2024.    By:    /s/ Mayra A. Stanton

**Mayra A. Stanton**
Assistant City Attorney
Texas State Bar No. 24104631
StantonMA@elpasotexas.gov

Attorneys for Defendant
**CITY OF EL PASO, TEXAS**

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type face and type volume limitations of the Texas Rules of Appellate Procedure 9.4(i), because this brief has been prepared in a proportionately spaced typeface using Word in Times New Roman, 14 point font, and contains 5304 words.

/s/ Mayra A. Stanton
**Mayra A. Stanton**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Appellant's Brief was served on the following counsel of record on October 29, 2024:

Veronica Teresa Lerma
1417 Montana Ave.,
El Paso, Texas 79902
Ph. (915) 533-4779
Fax(915) 533-7236
vtlerma@gmail.com

*Attorney for Appellee*

/s/ Mayra A. Stanton
**Mayra A. Stanton**

## APPENDIX

1. Trial Court Denial Plea to the Jurisdiction

2. Texas Code of Criminal Procedure Art. 62.001

# APPENDIX 1

## Trial Court Denial Plea to the Jurisdiction

IN THE 384th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| R.K., | § | |
| Plaintiff, | § | |
| VS. | § | Cause No. 2019DCV4173 |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | |
| STEVE MCCRAW, DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, | § § § | |
| CITY OF EL PASO, TEXAS, MAYOR DEE MARGO, TONY RUVALCABA, POLICE OFFICER FOR THE EL PASO POLICE DEPARTMENT, GREGG ALLEN, POLICE CHIEF FOR THE EL PASO POLICE DEPARTMENT, AND THE CITY OF EL PASO, TEXAS Defendants. | § § § § § § § | |

## ORDER DENYING DEFENDANT CITY OF EL PASO'S PLEA TO THE JURISDICTION

On the September 20, 2023 came on to be heard First Amended Defendant City of El Paso's Plea to the Jurisdiction filed on August 23, 2023 in the above-captioned case. The Court, having considered such Plea to the Jurisdiction, the pleadings, and arguments of counsel, is of the opinion that First Amended Defendant City of El Paso's Plea to the Jurisdiction is denied.

Signed on ___18 May___, 2024.

_____
Judge Patrick M. Garcia

APPENDIX 2

Code of Criminal Procedure Art. 62.001


**SUBJECT:** SEX OFFENDER REGISTRATION PROGRAM

**AUTHORITY:** TEXAS CODE OF CRIMINAL PROCEDURE, CHAPTER 62; TEXAS GOVERNMENT CODE ANN. § 508.186

**POLICY:** To establish procedures for sex offender registration.

**PROCEDURE:**

I. REGISTRATION CRITERIA

A. An offender who has a reportable sex offense conviction, deferred adjudication, or adjudication on or after September 1, 1970, has a duty to register. The following Penal Code offenses are incorporated in the registration law:

1. 20.02, 20.03, 20.04 — Unlawful Restraint, Kidnapping, or Aggravated Kidnapping, and the judge made an affirmative finding that the victim or intended victim was younger than 17 years of age;

2. 20.04 (a) (4) — Aggravated Kidnapping with intent to violate or abuse the victim sexually;

3. 20A.02 (3), (4), (7), or (8) — Trafficking of Persons for offenses committed on or after 9/1/2011;

4. 21.02 — Continuous Sexual Abuse of Young Child or Children;

5. 21.08 — Indecent Exposure (second violation, but only if the second violation did not result in deferred adjudications);

6. 21.11 — Indecency With a Child;

| 7.  | 22.011   | Sexual Assault; |
| 8.  | 22.021   | Aggravated Sexual Assault; |
| 9.  | 25.02    | Prohibited Sexual Conduct; |
| 10. | 30.02 (d) | Burglary of a Habitation with intent to commit a felony listed in Section I.A.2, 4, 6-9; |
| 11. | 33.021   | Online Solicitation of a Minor; |
| 12. | 43.05    | Compelling Prostitution; |
| 13. | 43.25    | Sexual Performance by a Child; |
| 14. | 43.26    | Possession or Promotion of Child Pornography; |

15    An Attempt, Conspiracy, or Solicitation as defined by Chapter 15, Penal Code, to commit an offense or engaged in conduct listed above (excluding Indecent Exposure and Online Solicitation of a Minor);

16    Adjudication for juvenile delinquent conduct for the above offenses;

17.   Conviction under the laws of another state, a foreign country, federal law, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements of the offenses listed above, excluding deferred adjudications. The Texas Department of Public Safety (DPS) shall make the determination of substantially similar offenses; and

18.   Second violation under the laws of another state, a foreign country, federal law, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements of indecent exposure, but only if the second violation did not result in deferred adjudication.

**Note:** Some of these Penal Code section titles have been renamed since 1970, but the Penal Code section numbers have not changed over time. Officers shall apply the registration requirement to the Penal Code section number, not the title. For example, Penal Code 25.02 was originally entitled "Incest" and later changed to "Prohibited Sexual Conduct."

B.    If an offender meets the criteria for sex offender registration and does not have Special Condition "M", the officer shall submit an All Purpose Interoffice Memorandum (PSV-109) with all supporting documents within ten (10) business days of release or determining the offender is required to register to the Sex Offender Program Supervisor III or designee for review and further action.

C.      If it is determined that the offender is statutorily required to register, the Sex Offender Program Supervisor III or designee shall enter the statutorily mandated Special Condition "M" into the Offender Information Management System (OIMS) and notify the supervising officer.

D.      If it is determined that an offender's duty to register has expired and the offender has special condition "M", the parole officer shall submit a PSV-109 with supporting documents within ten (10) business days to the Sex Offender Program Supervisor III or designee to review. Supporting documents shall include the discharge date of the sex offense.

II.     REGISTRATION PROCESS FOR OFFENDERS

A.      Upon release from prison, an Intermediate Sanction Facility (ISF), or county jail, the offender shall report to the designated local law enforcement authority and provide proof of identity and residence not later than the seventh (7th) calendar day after release or the first date the local law enforcement authority allows the offender to register.

        Offenders residing within the city limits shall register with the local police department; whereas, offenders who reside outside the city limits shall register with the local sheriff's department. If the commissioner's court has designated a centralized registration authority for a county or city, the offender shall report to that location.

B.      The offender shall verify that the information sent by Texas Department of Criminal Justice (TDCJ)-Correctional Institutions Division (CID) is complete and accurate and shall sign the DPS Registration Form (CR-35) in the presence of the law enforcement authority. If the information is not complete and accurate, the offender shall provide any necessary additions or corrections before signing the CR-35.

C.      A sex offender who is employed, carries on a vocation, or is a student at a public or private institution of higher education, shall report that fact to the appropriate authority for Campus Security not later than the seventh (7th) calendar day after the date on which the offender begins to work or attend the school. The supervising officer shall verify that the offender has registered within the specific time frame. The offender shall notify the Campus Security and local law enforcement not later than the seventh (7th) calendar day after terminating as a worker or student. See PD/POP-3.6.2, *Sex Offender Supervision Guidelines*, for further instructions regarding allowing offenders to attend an institution of higher education.

D.      Offenders shall attempt to obtain written verification from local law enforcement each time they have registered or verified registration. The officer shall document the verification in the OIMS within three (3) business days as required in section XV.B of this policy.

40

III. REGISTRATION PROCESS FOR OFFENDERS CHANGING RESIDENCE AND STATUS CHANGES

A. Not later than the seventh (7th) calendar day before the offender intends to move, the offender shall report in person to the local law enforcement authority with whom the offender last registered and to the parole officer to provide the parole officer with the anticipated move date and new address. Once the offender moves to the new address, the offender shall report in person within seven (7) calendar days or not later than the first date the law enforcement authority allows the offender to register or verify registration, and provide proof of identity and proof of residence.

B. If an offender does not move as anticipated, the offender shall report in person not later than the seventh (7th) calendar day after the anticipated move date to the parole officer and to the local law enforcement authority with whom the offender last registered, providing both with an explanation regarding any changes in the move date and intended residence. Until the offender moves to the new or permanent address, the offender shall report no less than once a week to the parole officer.

C. If an offender resides more than seven (7) calendar days at a location where a governmental agency has not assigned a physical address or becomes homeless, the offender shall report to the sex offender registration verifying agency not less than once in each 30-day calendar period to confirm and provide a detailed description of the location(s). In accordance with PD/POP-3.9.1, *Residential Reentry Center Placements*, sex offenders shall be processed for emergency placement. Until a residence or residential reentry placement is secured, the offender shall report to the district parole office (DPO) daily during regular business hours.

D. If an offender moves to another state that has a sex offender registration requirement, the offender shall register with the designated law enforcement authority in that state not later than the tenth (10th) calendar day after arriving in that state.

E. Offenders subject to sex offender registration shall report all status changes to local law enforcement.

IV. REGISTRATION REQUIREMENTS FOR OFFENDERS WHO TRAVEL OR ATTEND SCHOOL

A. A sex offender who is a resident of Texas, who is subject to registration, and works, volunteers, or attends school in another state for a consecutive period exceeding fourteen (14) days or for an aggregate period exceeding thirty (30) days in a calendar year, shall, not later than the tenth (10th) calendar day after the offender begins working or attending school, register with that state's local law enforcement authority.

B.    When the offender no longer works or attends school in that state, the offender, not later than the seventh (7th) calendar day after he stops working or attending school, shall inform the local law enforcement authority. Local law enforcement will verify the information and will notify the offender that the duty to register in that state as a worker or student has expired.

C.    Offenders who visit locations on at least three (3) occasions during any month and spend more than forty-eight (48) consecutive hours in a municipality or county other than the area in which they are registered shall notify the local law enforcement authority and provide all information that is required under the registration statute before the last day of the month.

D.    An offender who intends to be employed, carry on a vocation, or be a student at a public or private institution of higher education in another state shall report that fact to the Campus Security authority (if an authority for Campus Security exists at the institution), not later than the seventh (7th) calendar day after the date on which the offender begins to work or attend school.

## V.    FREQUENCY OF REGISTRATION VERIFICATION

A.    Offenders who received deferred adjudication or were convicted of a sexually violent offense two (2) or more times shall report to the local law enforcement authority with whom they are required to register not less than once every ninety (90) calendar days from the date they first registered, and shall verify that the information on the Registration Form is still correct.

To be considered convicted "two or more times," does not require that the conviction be on different days or with different cause numbers. A single court appearance resulting in a plea/conviction on multiple counts or cause numbers or two (2) counts with one (1) cause number qualifies an offender for the ninety (90) day verification requirement. The offender is required to register with local law enforcement not earlier than seven (7) calendar days before and not later than seven (7) calendar days after the 90th day. Offenders who require thirty (30) day verification shall do so any time after the 27th day but before the 33rd day after the last verification.

The following offenses, under the Penal Code, are statutorily defined as sexually violent offenses if committed by a person 17 years of age or older:

1.    20.04 (a) (4)          Aggravated Kidnapping with intent to violate or abuse the victim sexually;

2.    21.02                Continuous Sexual Abuse of Young Child or Children;

3.    21.11 (a) (1)        Indecency With a Child by Contact;

| 4. | 22.011 | Sexual Assault; |
| 5. | 22.021 | Aggravated Sexual Assault; |
| 6. | 30.02 (d) | Burglary of a Habitation with intent to commit a violation of an offense listed in Section I.A.2, 4, 6-9; |
| 7. | 43.25 | Sexual Performance by a Child; and |

8. Conviction under the laws of another state, a foreign country, federal law, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements of the offenses listed above as determined by the DPS.

B. Offenders with a single reportable sex offense conviction or deferred adjudication are required to report annually to the local law enforcement authority with which they are registered.

Annual verification shall be completed once each year, not earlier than the 30th day before and not later than the 30th day after the offender's date of birth.

C. Offenders who have been civilly committed as a sexually violent predator shall verify registration every thirty (30) calendar days.

D. Offenders registering based solely on a juvenile adjudication shall register annually for ten (10) years post-discharge, regardless of the number of juvenile adjudications.

E. In the event an offender has an order deferring or exempting sex offender registration or other court documents indicating registration does not apply, the order shall be sent via a PSV-109 to the Sex Offender Program Supervisor III within ten (10) business days for further action.

## VI. EXPIRATION OF DUTY TO REGISTER

A. **Lifetime registration** is required for convictions or deferred adjudications under the following Penal Codes:

1. Sexually violent offenses as listed in Section V.A.;

2. 20.02, 20.03, 20.04 — Unlawful Restraint, Kidnapping, or Aggravated Kidnapping, and the judge made an affirmative finding that the victim or intended victim was younger than 17 years of age **and** the offender has another reportable sex offense conviction or deferred adjudication (other than a juvenile adjudication);

3. 20A.02 (a) (3), (4), (7), or (8)    Trafficking of Persons;

4. 21.11 (a) (2)    Indecency With a Child by Exposure **and** the offender has another reportable sex offense conviction or deferred adjudication (other than a juvenile adjudication);

5. 25.02    Prohibited Sexual Conduct;

6. 43.05 (a) (2)    Compelling Prostitution;

    a. Offense committed on or before 8/31/2009 and the victim was under seventeen (17) years of age at the time of the offense; or

    b. Offense committed on or after 9/1/2009 and the victim was under eighteen (18) years of age at the time of the offense.

7. 43.26    Possession or Promotion of Child Pornography; and

8. An offense under the laws of another state, a foreign country, federal law, or the Uniform Code of Military Justice if the offense contains elements that are substantially similar to the elements of one of above offenses, as determined by DPS.

Chapter 62, Code of Criminal Procedure (CCP), indicates a conviction for Penal Code 43.23(h), Obscenity, requires a lifetime duty to register. However, this offense is not listed as a reportable sex offense in the CCP. Only reportable sex offenses require registration; therefore, offenders who have an Obscenity conviction and no other reportable sex offense will not be required to register, and Special Condition "M" shall not be requested.

Offenders who have been adjudicated of delinquent conduct or who were convicted while they were a juvenile under the above Penal Codes do **not** qualify for lifetime registration. By law, they register for ten (10) years post-discharge.

B. **Ten (10) years post-discharge** from the sex offense applies to offenders with the following convictions, deferred adjudication, or adjudications:

1. 20.02, 20.03, 20.04    Unlawful Restraint, Kidnapping, or Aggravated Kidnapping, and the judge made an affirmative finding that the victim or intended victim was younger than 17 years of age;

2. 21.08    Indecent Exposure (second conviction or thereafter);

3. 21.11 (a) (2)    Indecency With a Child by Exposure;

4. 33.021                      Online Solicitation of a Minor;

5. 43.05 (a) (1)            Compelling Prostitution;

6. Adjudicated of delinquent conduct or convicted when the offender was a juvenile;

7. Attempt, Conspiracy, or Solicitation as, defined by Chapter 15, Penal Code, to commit a reportable offense; and

8. An offense under the law of another state, a foreign country, federal law, or the Uniform Code of Military Justice if the offense contains elements that are substantially similar to the elements of one of the above offenses as determined by DPS.

C. The duty to register for an offender who is required to register based solely on the imposition of Special Condition "M" ends upon the offender's discharge from the jurisdiction of TDCJ-Parole Division.

## VII. FAILURE TO COMPLY WITH REGISTRATION FOR OFFENDERS

If a sex offender fails to comply with registration requirements, the parole officer shall submit a Violation Report in accordance with applicable procedures (refer to PD/POP-4.1.1, *Processing Violations of the Rules and Conditions of Release*).

## VIII. REGISTRATION PROCESS FOR TDCJ

A. Offenders subject to registration shall be notified by TDCJ-CID or the ISF officer regarding their registration obligations via the DPS Pre-Release Notification Form (CR-32) and the Prohibited Employment Notification form (CR-32PE), if applicable.

B. TDCJ-CID shall complete the CR-32, CR-32PE (if applicable), CR-35, and the Offense Supplemental form (CR-35 OS), if applicable, for those offenders released from prison. TDCJ-CID shall send the completed aforementioned forms to the local law enforcement authority in the city of residence noted in the offender's Release Plan and to DPS Crime Records Service or the receiving state (if applicable). Copies of the forms shall be provided by TDCJ Classification and Records, if completed prior to release, and then scanned into the OIMS by the Huntsville Placement and Release Unit. Forms completed post release shall be scanned into the OIMS by the supervising officer or designee.

C. When an offender is released from an ISF, a new CR-32 and CR-32PE (if applicable) shall be completed by the ISF officer and sent to the supervising parole office and the agency with whom the offender will be registering.

After the offender is released from an ISF or county jail, the supervising parole officer shall complete a Notice of Sex Offender Registration Status Change Form (SP-9916) and make a copy of the CR-35 located in the file. The SP-9916 and the copy of the Registration Form shall be sent to the applicable local law enforcement agency within three (3) calendar days of the offender's release. If the offender will not be registering with the local law enforcement agency with whom he was registered **prior** to the ISF placement, the officer transferring the file shall send a completed SP-9916 to the previous law enforcement agency, notifying the agency of the offender's release and specifying the law enforcement agency with which the offender will be registering.

D. District and institutional parole officers will be responsible for the completion of the CR-32, CR-32PE (if applicable), CR-35, CR-35 OS (if applicable), photo, and fingerprints for offenders who will be released on Parole-in-Absentia (PIA). For additional information on the registration process for PIA cases, refer to PD/POP-2.4.2, *Processing Releases from Detention Facilities Other Than the Texas Department of Criminal Justice – Correctional Institutions Division (CID)*.

E. If the supervising parole officer does not receive the sex offender registration paperwork in the OIMS, the parole officer shall complete the CR-32, CR-32PE (if applicable), CR-35, CR-35 OS (if applicable), photo, fingerprints, and distribute them accordingly on the day the offender initially reports, or within seven (7) calendar days of the date the officer receives notice that the offender is required to register.

Officers shall use the DPS Sex Offender Registration Manual (CR-31) when completing the forms. A copy can be obtained from the Parole Division Document Library or by contacting the DPS at (512) 424-2800.

F. The CR-32 and CR-32PE (if applicable) shall be faxed to the DPS Sex Offender Compliance Unit at (512) 424-5434, and the original shall be mailed to DPS Crime Records Service, P.O. Box 4143, Austin, Texas, 78765. The officer shall provide a copy to the offender and the appropriate local law enforcement authority and place a copy in the district file. The officer shall complete the CR-35 and mail the top page (white copy) to the DPS and the second page (yellow copy) shall be sent to the local law enforcement agency. A copy shall be placed in the offender's district file. The local law enforcement agency is responsible for submitting the second page (yellow copy) to the DPS-Crime Records Service.

G. Offenders with a sex offense conviction under another state, a foreign country, federal law, or the Uniform Military Code of Justice, require a review by the DPS to determine if the elements of the sex offense are substantially similar to a Texas reportable sex offense. Offenders with a temporary State Identification Number (SID#) starting with 922 will not be entered on the DPS website until a permanent SID# has been assigned. Officers shall reference PD/POP-3.10.1, *Fingerprinting Interstate Compact Offenders,* with regard to obtaining a permanent SID# for "To Texas" cases.

If the DPS determines that an out-of-state offense does not have a Texas offense comparison, and the sending state requires registration as a condition of supervision or is required to register by the sending state's statute, the offender shall register only as an Interstate Compact case. The supervising officer shall not request Special Condition "M" in these cases.

H. If the offender is registering based solely on the imposition of Special Condition "M", and the Texas Board of Pardons and Paroles (BPP) denies the request to withdraw the condition, the officer shall enter eight (8) zeros in the eight-digit code in the "Penal Code" and "Registering Texas Offense" sections and leave the victim information blank on the CR-32 and CR-35.

I. If the offender is statutorily required to register for a discharged sex offense, the parole officer shall list the sex offense with the correct National Crime Information Center (NCIC) code, enter the applicable victim information, and the date the offender discharged the sex offense. The CR-35 OS may also be used for additional sex offense information.

J. The law does not require law enforcement agencies to provide the offender with written verification of registration. In the event the law enforcement agency does provide written verification, the parole officers shall obtain a copy of the initial and subsequent registration receipt from the offender, place a copy in the district file, and document the verification in the OIMS. In the event that local law enforcement does not provide written verification to the offender, the parole officer shall obtain verification that the offender has registered via written documentation or collateral contact with local law enforcement. Verification of sex offender registration shall be documented in the Registration Verifications screen in OIMS within three (3) business days as required in section XV.B of this policy.

K. Not later than thirty (30) calendar days after the offender has verified registration with local law enforcement, the officer shall check the DPS website at https://records.txdps.state.tx.us or use the DPS secured website to verify the information is reported accurately. The officer shall document the verification in the DPS Verifications screen in the OIMS. Within three (3) calendar days of determining that any information is incorrectly reported, the parole officer shall send local law enforcement an SP-9916 with the correct information.

IX. REGISTRATION PROCESS FOR TDCJ FOR OFFENDERS CHANGING RESIDENCE

A. Not later than three (3) calendar days after receiving notice of an offender's intent to move, the parole officer shall complete an SP-9916, indicating the offender's plan to move, and forward it to the local law enforcement authority with whom the offender last registered and to the local law enforcement authority in the new city (if applicable).

47

B.   In the event an offender becomes homeless, as defined in PD/POP-3.9.1, *Residential Reentry Center Placements*, the officer shall exhaust all housing options to include the approved alternate housing list.

C.   If an offender is homeless or does not reside at a physical address, the supervising officer shall submit an SP-9916 to local law enforcement with a detailed description of each geographical location where the offender resides or intends to reside. In accordance with PD/POP-3.9.1, *Residential Reentry Center Placements*, sex offenders shall be processed for emergency placement. Until a residence or residential reentry placement is secured, the offender shall report to the DPO daily during regular business hours.

X.   REGISTRATION PROCESS FOR TDCJ FOR OFFENDER STATUS CHANGES

A.   Upon becoming aware that an offender's status has changed in any manner that affects proper supervision of the offender, the supervising officer, as required by law, shall promptly notify in writing the appropriate local law enforcement authority of that change, not later than seven (7) calendar days after the status change. The officer shall use the SP-9916 to report such changes. A new CR-35 is not required. Changes in an offender's status include, but are not limited to:

1.   The offender's name;

2.   Online identifiers;

3.   Physical health (e.g., death, hospitalization);

4.   Job or educational status (e.g., traveling requirements, work being done in neighborhoods, changes in or discontinuation of employment, or changes in the employer's address);

5.   Higher educational status (e.g., becomes employed, begins to carry on a vocation, becomes a student at a public or private institution of higher education, or terminates the person's status in that capacity);

6.   Incarceration (e.g., ISF placement, revocation, new offense, pre-revocation warrant);

7.   Terms of release (e.g., child restrictions, photographic/video/computer equipment restrictions, discharged); or

8.   Any other information that is listed on the CR-32 or CR-35.

The integrity of the DPS public website depends on the proper notification of status changes. By statute, when an offender is under supervision, the supervising officer and the offender are responsible for reporting those changes to the local law enforcement authority.

B. The supervising officer or designee shall image the SP-9916 into the offender's OIMS record for discharged cases.

C. Once an offender is discharged from supervision and the offender is statutorily required to continue to register post discharge for a lifetime or a 10-year post discharge offense, it is the offender's responsibility to report to the registering agency any changes in status no later than seven (7) calendar days after the date of change.

D. The supervising officer shall enter the date the SP-9916 was distributed to local law enforcement in the Status Change section of the Sex Offender Registration screen in the OIMS.

## XI. RISK LEVEL

A. Offenders who are statutorily required to register are required to have a risk level. Institutional parole officers or the Sex Offender Rehabilitation Program staff shall complete the risk assessment for those who are required by statute to register. The risk assessment shall be completed by a person certified to use the instrument.

B. The levels of risk are as follows:

1. Low – A designated range of points on the sex offender screening tool indicating that the person poses a low danger to the community and will not likely engage in criminal sexual conduct.

2. Moderate – A designated range of points on the sex offender screening tool indicating that the person poses a moderate danger to the community and may continue to engage in criminal sexual conduct.

3. High – A designated range of points on the sex offender screening tool indicating that the person poses a serious danger to the community and will continue to engage in criminal sexual conduct.

4. Civil Commitment – A repeat, sexually violent predator who suffers from a behavioral abnormality, which makes the person likely to engage in a predatory act of sexual violence.

C. The Risk Assessment Review Committee may override an offender's risk level. Therefore, the risk level that is on the mainframe (SOTP screen of the TDCJ Inmate Record Inquiry – IMF) is considered to be the official risk level for that offender.

49

## XII. GENERAL INFORMATION ON COMMUNITY NOTIFICATION AND PUBLIC INFORMATION

A. Offenders Attending Schools

   1. In the event an offender has been allowed to attend a secondary school and is required to register, the supervising officer shall notify the school officials prior to the offender attending the school.

   2. A sex offender who enrolls in or works at an institution of higher education shall report that fact to the authority for Campus Security not later than the seventh (7th) calendar day after enrolling or working at the institution.

   3. Supervising officers shall reference PD/POP-3.6.2, *Sex Offender Program Supervision Guidelines*, for further instructions regarding allowing offenders to attend a secondary school or an institution of higher education.

B. Postcard Notification

   1. When the DPS receives a sex offender registration or address change for an offender who has been assigned a risk level of "High" or has been civilly committed, they will mail a printed notification to each address within a three-block radius in a subdivided area or a one-mile radius in a non-subdivided area.

      The notice will contain all public information captured in the DPS database.

   2. The local law enforcement agency, at its own expense, may provide to the public, in any manner determined appropriate, notice regarding offenders who have been assigned a "High" risk level. This may include publishing notice in the newspaper.

C. The information contained in the DPS database, including the numeric risk level assigned to a person under this chapter, is public information, with the exception of the following:

   1. The person's Social Security number or driver license number, or any home, work, or cellular telephone number;

   2. Any online identifier established or used by the person;

   3. Any information regarding an employer's name, address, or telephone number; or

   4. Any information identifying the victim of the offense for which the person is subject to registration.

## XIII. DRIVER LICENSE/IDENTIFICATION REQUIREMENTS

A. An offender who is statutorily required to register shall apply to the DPS in person for the issuance of an original or renewal driver license (DL) or for a personal identification (ID) card not later than the thirtieth (30th) calendar day after the date:

    1. The offender is released from a penal institution;

    2. The offender is under supervision and statutorily required to register; or

    3. The DPS sends written notice to the offender of the requirement.

B. The offender shall annually renew, in person, his DL or personal ID card issued by the DPS until the person's duty to register expires.

C. An offender registering based solely on a BPP-imposed special condition is not required to renew his DL/ID annually.

## XIV. EMPLOYMENT PROHIBITIONS

A. Certain types of employment are prohibited for a person with a reportable conviction or adjudication for a sexually violent offense if the judge makes an affirmative finding of the fact and enters the affirmative finding in the judgment that the victim or intended victim was younger than fourteen (14) years of age for convictions on or after September 1, 2013.

B. Employment restrictions include that these offenders, may not, for compensation:

    1. Operate or offer to Operate a bus;

    2. Provide or offer to provide a passenger taxicab or limousine transportation service;

    3. Provide or offer to provide any type of services in the residence of another person unless the provision of the services will be supervised; or

    4. Operate or offer to operate any amusement ride.

51

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93691379
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 10/29/2024 1:44 PM MST

Associated Case Party: The City of El Paso

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mayra Stanton | | stantonma@elpasotexas.gov | 10/29/2024 12:09:44 PM | SENT |
| Isbell Machuca | | MachucaID@elpasotexas.gov | 10/29/2024 12:09:44 PM | SENT |
| Blanca Galindo | | galindob@elpasotexas.gov | 10/29/2024 12:09:44 PM | SENT |

Associated Case Party: RobertKaufman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Veronica Lerma | 24062846 | vtlerma@gmail.com | 10/29/2024 12:09:44 PM | SENT |